Where, under Code Civ. Proc. § 2685, providing for the sale of property under the direction of the Surrogate's Court, the surrogate ordered the notice required by the section to be given "in such manner as the surrogate shall prescribe," to be given by citation, it was error to order the service thereof to be in the manner prescribed by Code Civ. Proc. §§ 796, 797, which applies solely to papers served in an action, the proceeding in question being a special proceeding, and, service by citation having been selected, it must be made in accordance with the statute governing service of citation (Code Civ. Proc. §§ 2525, 2526), whose requirements the surrogate has no power to alter.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1397–1409; Dec. Dig. ☞337.]

2. EXECUTORS AND ADMINISTRATORS ☞337—SALE OF PROPERTY—SERVICE OF CITATION—SURROGATE'S JURISDICTION.

Where such citation was served on resident creditors by mail and on nonresident creditors by mail without publication, the surrogate did not acquire jurisdiction of the parties, since there was no service as provided by Code Civ. Proc. §§ 2525, 2526, governing service by citation.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1397–1409; Dec. Dig. ☞337.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the estate of John Montgomery Smart. Proceeding for the sale of property under the surrogate's direction. Application denied.

See, also, 84 Misc. Rep. 336, 145 N. Y. Supp. 838.

Curtis, Mallet-Prevost & Colt, of New York City, for petitioner.

Scott, Newcomb & McLoughlin, of New York City, for Constance H. Baldwin.

FOWLER, S. This is a proceeding under section 2685 of the Code of the sale of property. The point is as to the sufficiency and regularity of the service of process.

[1] Section 2685 provides in part:

"If the surrogate, in his discretion, entertains the application, notice of such application shall be given to all persons interested or to such persons as the surrogate by order directs to have notice," and "*in such manner as the surrogate shall prescribe.*"

This gives the surrogate wide latitude as to the manner of service, but in this proceeding before the court the surrogate has fixed the manner of service by directing the issuance of a citation. Accordingly, the manner of service having been selected, the service of the process must be made strictly in accordance with the statute governing service of citation, and the surrogate has no power to alter in any way the requirement of such statute. Sections 2525 and 2526. In this proceeding the order directing the issuance of a citation further provides that it "be served personally or by mail in the manner prescribed by sections 796 and 797 of the Code of Civil Procedure." Sections 796 and 797 have no application, for they apply solely to papers served in an *action* (section 3333), the proceeding in question before the court being a *special proceeding*. Furthermore, if these sections had any application to a special proceeding, they would be excluded by the provisions of sections 2525 and 2526 of the Code.

[2] Finally, the citation in this proceeding having been served on all creditors residents of the state of New York by *mail*, and on creditors residents of other states by mailing, *without publication*, no service as provided by the statute has been made, and the surrogate has not acquired jurisdiction of the parties. If section 2685 were to be held to authorize such service, the service of a citation would become a very much less formal matter than under the previous acts. The service is not sufficient. In all proceedings begun by citation in a court which proceeds in rem, care must be exercised by the surrogate in reference to the service of the citation. He has no power to vary the statute.